By the Court,
Nelson, C. J.
The question is, whether the action of debt falls within the act of 1840. Statutes of 1840, p. 327. The 13th section provides, that in all actions upon contract, the costs of the plaintiff for attorney and counsel fees, exclusive of other fees and disbursements, in the following cases, shall not exceed the sums following: 1. In cases of judgment by default for want of plea, when the *dama- [ *679 ] ges shall be assessed by the clerk or other officer, if the damages recovered, &c. be more than $50, and not over §250, five dollars; if over $250, ten dollars. 2. In cases of judgment by default for want of plea, and damages assessed upon writ of inquiry, if the recovery be over §50, and not exceeding §250, seven dollars ; if over $250, twelve dollars.
The ground relied on to take this action out of the statute is, that according to the practice of the court, no assessment by the clerk, or by means of a writ of inquiry, is necessary in debt, as judgment final immediately follows the default; and that the section in terms is confided to actions where an assessment is requisite, such as assumpsit, covenant, &e.
*518 The answer is, that this practice originated when the plaintiff was bound to demand in debt the fixed sum, the defendant had acknowledged to be düe by his contract; and if a greater or less amount was proved, he failed, As the damages which the plaintiff could recover, were then merely nominal, an assessment or writ of inquiry was not worth the expense ; and hence judgment final at once passed on default. But this technical rule soon gave way to the good sense of the case, and the plaintiff, as in assumpsit, was allowed to recover the amount proved to be due,'though short of the sum demanded in the declaration. After this, no distinction existed in principle or practice between debt and assumpsit on simple contracts ; and the reason for an assessment became as strong in the one case as in the other, to inform the conscience of the court as to the sum justly due. The plaintiff no longer recovered in numero the debt, but the debt and damages, more or less, as happened to be proved. Accordingly we find the courts in England refusing the recovery of damages in the action of debt without an assessment: 7 T. R. 446; 5. Barn. & Ald. 885; 2 Archb. Pr. 33; and in Taylor v. Capper, 14 East, 442, as understood by Mr. Archbold, even where the action was brought for goods sold, money lent, and tljie like cases. In Fenton v. Garlick, 6 J. R. 287, the court refused interest by way of damages in debt on a foreign judgment, without an assessment on notice. :
[ *680 ] *The counsel for the plaintiff have brought to their aid the bill as passed in the Senate, in which judgment final in debt is specified as one of the cases for reduced compensation, and which was stricken out in the house of assembly. At most, the argument only proves that the statute may not apply where this judgment is appropriate in that action. Possibly it may be so in debt on bond with a penalty conditioned for the payment of money, or where the penalty is the debt.
I may add, even if an assessment in debt on simple contract were nqt required by the practice of the court, it is most obvious that the case comés within the spirit and object of the statute. It is remedial, and should be liberally expounded: and though the compensation be not in fair proportion to the labor' and responsibility of the attorney, (and I think it is not,) relief should be sought from the legislature, instead of refining away the manifest intent of the law. j
A re-taxation according to the act of 1840 is ordered, with costs of this motion.. As the debt is conceded to be for the true amount due the plaintiff, the judgment for it may stand. j